Gary E. Jubber, A1758
Douglas J. Payne, A4113
FABIAN & CLENDENIN,
 A Professional Corporation
215 South State Street, Suite 1200
Salt Lake City, UT 84111-2323
Telephone: (801) 531-8900

*Attorneys for Gary E. Jubber, Chapter 7 Trustee*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| In re: | Bankruptcy No. 12-27634 RKM (Chapter 7) |
|---|---|
| LINDA DIANE BECK, | Honorable R. Kimball Mosier |
| Debtor. | **MOTION FOR ORDER DIRECTING DEBTOR TO TURNOVER PROPERTY OF THE ESTATE** |

Gary E. Jubber, the duly appointed Chapter 7 Bankruptcy Trustee of the Linda Diane Beck bankruptcy estate, hereby moves the Court pursuant to 11 U.S.C. § 542(a) for an order directing the Debtor to turnover property of the estate. In support of his motion, the Trustee states as follows:

**JURISDICTION AND VENUE**

1. The court has jurisdiction over the subject matter and parties to this adversary proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b).

2. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E) & (O).

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1409(a).

## BACKGROUND

4.      On or about June 12, 2012 (the "**Petition Date**"), Linda Diane Beck ("**the Debtor**"), commenced the above-captioned bankruptcy case (the **"Bankruptcy Case"**) by filing a petition for relief under Chapter 13 of the United States Bankruptcy Code. The Bankruptcy Case was subsequently converted to a case under Chapter 7.

5.      The Debtor has also sometimes been known as Linda Madsen Beck.

6.      Prior to filing the Bankruptcy Case, the Debtor owned, or had an interest in, the following property:

      a)      An annuity issued by Guggenheim Life and Annuity Company ("**Guggenheim**"), Policy No. *******8642, Linda Madsen Beck, annuitant (the "**Caregiver Annuity**"). Payments for the annuitant or beneficiary under the Caregiver Annuity are currently $683.01 per month.

7.      The initial bankruptcy schedules filed by the Debtor [Docket No. 6] listed the Caregiver Annuity as an asset on Schedule B and did not assert an exemption for it on Schedule C.

8.      On August 9, 2012, the Debtor filed an Amended Schedule C [Docket No. 17] in which she asserted that the Caregiver Annuity was exempt under 11 U.S.C. § 522(b)(3)(C).

9.      On August 20, 2012, Kevin R. Anderson, Standing Chapter 13 Trustee, filed a Trustee's Objection to Exemption(s) [Docket No. 21] objecting to the Debtor's claimed exemption of the Caregiver Annuity.

10. On September 6, 2012, the Court entered an Order converting the Bankruptcy Case to one under Chapter 7 [Docket No. 23]. Gary E. Jubber was thereafter appointed as the Chapter 7 trustee (the "**Trustee**"). A Chapter 7 Section 341 meeting of creditors was held on October 23, 2012.

11. On November 19, 2012, Gary E. Jubber, as Chapter 7 trustee, filed the Trustee's Objection to Debtor's Objection [Docket No. 43] objecting to the Debtor's claimed exemption of the Caregiver Annuity.

12. On October 2, 2013, the Debtor filed Amended Schedules B & C [Docket No. 51]. The Amended Schedule C asserted an exemption in the Caregiver Annuity under 11 U.S.C. § 522(b)(3)(C).

13. On October 31, 2013, Gary E. Jubber, as Chapter 7 trustee, filed the Trustee's Objection to Debtor's Objection [Docket No. 52] objecting to the Debtor's claimed exemption of the Caregiver Annuity.

14. On November 4, 2013, the Debtor filed an Amended Schedule C [Docket No. 53] on which she eliminated any claim of exemption for the Caregiver Annuity.

15. On November 26, 2013, the Trustee, through his paralegal, Mashell Parks, sent the Debtor a letter directing that the Debtor turnover to the Trustee all of the annuity payments paid to her since her bankruptcy case was converted to one under Chapter 7 on September 6, 2012. A copy of the November 26, 2013 directive letter to the Debtor is attached hereto as **Exhibit "A."**

16. Notwithstanding the November 26, 2013 directive letter, the Debtor has failed and refused to turnover any annuity payments to the Trustee.

17. Further, although Guggenheim did make a single monthly annuity payment to the Trustee – a $683.01 payment for January 2014 (in response to a demand the Trustee made upon Guggenheim) – the Debtor's attorney thereafter instructed Guggenheim to make annuity payments to the Debtor rather than to the Trustee. *See* January 8, 2014 letter from Guggenheim to the Trustee, a copy of which is attached hereto as **Exhibit "B."**

18. The Debtor's failure to comply with the Trustee's directive and her attorney's communications with Guggenheim have hindered the administration of the bankruptcy estate and have increased the costs and fees associated with administration.

19. Pursuant to the provisions of 11 U.S.C. § 521(a)(3) and (4), Debtor has a duty to cooperate with the Trustee as necessary to enable the Trustee to fully perform his duties, and a duty to surrender to the Trustee all property of the estate and any requested information relating to property of the estate.

20. Section 542(a) requires "any entity in possession, custody or control, during the case, of property" of the estate to turn it over the bankruptcy trustee appointed in the bankruptcy case and account for the property.

21. The Debtor's refusal to turnover the annuity payments to the Trustee and her attorney's communications with Guggenheim instructing it to make annuity payments to the Debtor rather than the Trustee are an improper interference with the administration of the bankruptcy estate and an improper exercise of control over property of the estate.

22. Accordingly, the Court should enter an order directing the Debtor to turnover to the Trustee pursuant to 11 U.S.C. §§ 521(a)(4) and 542(a) all annuity payments the Debtor has received since her bankruptcy case was converted to one under Chapter 7 on September 6, 2012.

**WHEREFORE**, the Trustee respectfully requests entry of an Order:

A. Directing the Debtor to turnover to the Trustee the amount of all annuity payments received by the Debtor under the Caregiver Annuity since the date Bankruptcy Case was converted to one under Chapter 7;

B. Directing the Debtor turnover to the Trustee any future annuity payments under the Caregiver Annuity;

C. Directing the Debtor to cooperate with the Trustee in making arrangements for Guggenheim to make future payments under the Caregiver Annuity to the Trustee rather than to the Debtor;

D. Awarding the Trustee attorney's fees in the amount of $350.00 incurred in connection this proceeding; and

E. Granting such other and further relief as the Court deems just and equitable.

DATED this 22nd day of January, 2014.

    /s/ Douglas J. Payne
    Gary E. Jubber
    Douglas J. Payne
    FABIAN & CLENDENIN,
     a Professional Corporation
    *Attorneys for Gary E. Jubber, Chapter 7 Trustee*

ND: 4844-3655-0680, v. 1

# EXHIBIT A



**Mashell Parks**
Direct Dial: (801) 323-2269
Facsimile: (801) 596-2814
mparks@fabianlaw.com

November 26, 2013

Linda Diane Beck
6910 South Fargo Road
West Jordan, UT 84084

RE: *In re Linda Diane Beck*, Bankruptcy No. 12-27634

Dear Ms. Beck:

At the § 341 meeting of creditors held on October 23, 2012 in the above-referenced bankruptcy case ("**Bankruptcy Case**"), the Trustee directed that you provide: (i) all documents relating to the Caregiver Annuity through Guggenheim Life & Annuity ("Annuity"); and (ii) documents relating to your life insurance policy with United of Omaha Life Insurance Company by October 31, 2012. You were also directed to file your 2012 Tax Returns and provide him with a copy by February 15, 2013. You will note that the Trustee's Directive, item number 2 with a heading "Tax Returns," clearly states, in bold-faced type: "ANY REFUNDS DUE YOU ARE PROPERTY OF THE ESTATE, AND MUST BE TURNED OVER TO THE TRUSTEE. DO NOT CASH YOUR REFUND CHECKS!" Accordingly, any tax refunds you receive after your petition date are property of the bankruptcy estate and must be turned over to be administered for the benefit of your creditors.

The documents received in response to the directive consist of only three pages, one of which is cut off at mid-page and only part of it is legible. We hereby again direct you to provide all documents relating to Guggenheim Life and Annuity Company annuity (the "**Annuity**"), including a complete copy of the contract.

In addition, from your Schedules and from the documents provided, it appears that you receive $683.01 per month from the Annuity and have received that amount since this case was converted to a chapter 7 proceeding on September 6, 2012. The funds received since the date of conversion as well as all funds yet to be received pursuant to the Annuity are property of the bankruptcy estate. *See* 11 U.S.C. § 541(a).

On November 4, 2013, your counsel filed an Amended Schedule C in the bankruptcy case by which any claim to an exemption in the Annuity was removed. Accordingly, we hereby direct that the Annuity, and all proceeds received, and yet to be received, from the Annuity, be turned over to the Trustee. 11 U.S.C. § 542.

FABIAN & CLENDENIN
215 SO. STATE ST., SUITE 1200, SALT LAKE CITY, UT 84111-2323
TEL: 801.531.8900   FAX: 801.596.2814
WWW.FABIANLAW.COM

Linda Diane Beck
November 26, 2013
Page 2

    It appears that the amount to be turned over for payments already received totals $10,245.13 (15 months x $683.01). You are hereby instructed to turn that amount as well as any future payments you receive attributable to the Annuity. Please make the Cashier's Check payable to "Gary E. Jubber, Trustee" and deliver to our office no later than ten (10) days from the date of this letter. If you need to make arrangements for payment of the amount due, please contact me at (801) 323-2269.

    Thank you for your prompt attention to this matter.

Very truly yours,

Mashell Parks, Paralegal to
Gary E. Jubber, Chapter 7 Trustee

GEJ\mrp
cc: Paul Toscano

4818-9702-5559, v. 1

ND: 4841-5213-9009, v. 1

# EXHIBIT B

**GUGGENHEIM**

GUGGENHEIM LIFE AND ANNUITY COMPANY
401 PENNSYLVANIA PARKWAY, SUITE 300
INDIANAPOLIS, IN 46280

Judith M. Eppich CLU
Vice President, Administration

January 8, 2014

Linda Madsen Beck
594 N. 300 W.
Lehi, UT 84043-1517

Re: Annuity Contract Number: ▮▮▮▮8642

Dear Ms. Beck,

As requested, we have had our legal department review the documentation in your file related to your bankruptcy estate.

As you know, this contract is an immediate annuity which may not be changed, surrendered and has no cash value. The only benefit is the systematic payments which are scheduled to continue to provide income until March 3, 2016.

We are in receipt of a request to forward future payments to the Trustee of your bankruptcy, Gary E Jubber. We are also in receipt of a request from your attorney, Paul James Toscano, to continue these payments to you.

Based on the facts we have, the payments will resume being made to you until such time as we would receive a court order directing us to direct payments elsewhere. In no case would a lump sum payment be available from this contract; only the systematic income payments are allowed from this contract type.

Should you have any questions, please feel free to contact me at 800-990-7626 x 2065.

Sincerely,

Judy Eppich

Cc: Paul James Toscano and Gary E Jubber

Note: Mr. Jubber: Please return the payment directed to you previously as you were not entitled to the payment without a court order.

CustomerService@Guggenheiminsurance.com
800-990-7626 Toll Free                                                                                         317-574-2050 Fax